# Commonwealth ex rel. Mazza *v.* Sarvice, Appellant.

Submitted November 12, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, CERCONE, and SPAETH, JJ. (SPAULDING, J., absent.)

*James B. Ceris,* for appellant.

*Albert J. Dudash, Jr.,* for appellee.

OPINION BY HOFFMAN, J., April 3, 1974:

This is an appeal from an order granting custody of a five year old child to her maternal aunt, Mrs. Patricia Cantolina. The appellant and present custodian of the child, Mrs. Mary Parrish, contends that the court below erred in removing the child from her custody.

Joyce Ann Mazza, the child in question, was born in 1968. At that time, the mother, Kathleen Mazza, was estranged from her husband and unable to care for the child. Mrs. Parrish, aware of the problem, urged Mrs. Mazza to place the child in her custody. At that time, it was understood that the arrangement was temporary, and that Joyce would be returned to the mother as soon as she could provide for her. For a considerable time the mother and her two other children visited Joyce daily. The frequency of the visits decreased somewhat due to an illness of the mother's oldest son.

In April of 1970, Mrs. Mazza demanded that the child be returned to her. Mrs. Parrish refused, demanding $5,000.00 in return for a surrender of custody. After a second attempt to gain custody failed, Mrs. Mazza filed a petition for a writ of habeas corpus in 1970. A hearing was held in October of 1971, and the case was taken under advisement by the trial judge. Another hearing was in February of 1973, after which the trial judge ordered that the child be placed in the care and custody of Mrs. Patricia Cantolina, the child's aunt, until such time as the mother could properly care for her. From this order the present appeal was taken.

Mrs. Parrish presently lives with Dale Sarvey, but has not been divorced from her husband. She has nine children of her own, seven of whom were fathered by her husband, and two by her paramour. Financial support for the entire household is provided by Mr. Sar-

vey who earns between eight and nine thousand dollars per year.

The Cantolina family lives in a large home in a rural area. The household income of the family is over $12,000.00 per year. They have three children of their own, and provide a home for Mrs. Mazza's two other children. Child Welfare Services reported that the physical conditions of the home and the personal attributes of the Cantolinas as parents were excellent. The trial judge was favorably impressed with Mrs. Cantolina's sincerity and the devotion shown by her to Mrs. Mazza's other children. Mrs. Mazza lives nearby and will be able to spend considerable time with the children until she can establish a home of her own.

Although the trial judge found that Mrs. Parrish had a "motherly disposition" and had adequately cared for the child, he was justifiably concerned with the low income in the Parrish home relative to the number of children to be supported, the absolute lack of financial security, and the meritricious relationship between Mrs. Parrish and Mr. Sarvey. He also believed that the child's welfare would be best promoted if she were reared in a household with her brothers where the mother could spend considerable time with the children.

After a thorough review of the record in the instant case, we agree with the trial court's determination of custody. His finding that the child's best interests would be served by granting custody to Mrs. Cantolina until Mrs. Mazza could establish a suitable home is supported by the concerns mentioned above. The desirability of a child growing up in a family unit composed of natural brothers and sisters are factors which lend further support to the court's decision.[1] *Common-*

---

[1] This is not a case in which the "uprooting" of the child from familiar environs is a compelling consideration for the child

*wealth ex rel. Staunton v. Austin,* 209 Pa. Superior Ct. 187, 223 A. 2d 892 (1966). In addition, Mrs. Parrish's attempt to hold the child until she was compensated for her efforts creates some doubt as to her motives for keeping the child. In such a case, where the trial judge in a series of hearings, has had long and personal contact with the parties involved, and has thus had an opportunity to observe and evaluate their attitudes, credibility, and sincerity, deference to his decision is proper absent an abuse of discretion or factually insupportable conclusion. *Commonwealth ex rel. Rainford v. Cirillo,* 222 Pa. Superior Ct. 591, 296 A. 2d 838 (1972).

Order affirmed.

to remain with Mrs. Parrish, for it is clear that Mrs. Mazza and her other children have had extended contacts with Joyce, and are not strangers to her. Compare, *Commonwealth ex rel. Staunton v. Austin,* 209 Pa. Superior Ct. 187, 223 A. 2d 892 (1966) ; with *Commonwealth ex rel. Children's Aid Society v. Gard,* 362 Pa. 85, 66 A. 2d 300 (1949) ; and *Commonwealth ex rel. Bankert v. Children's Services,* 224 Pa. Superior Ct. 556, 307 A. 2d 411 (1973).